## FRANCIS C. WREN *v.* R. HOFFMAN AND WIFE.

1. EVIDENCE: PAROL AGREEMENT CONTEMPORANEOUS WITH WRITTEN, INADMISSIBLE.—When parties have deliberately put their engagements into writing, it is conclusively presumed that the whole contract was embodied therein, and testimony of a contemporaneous parol agreement is inadmissible.

2. SAME: SAME: FRAUD, FAILURE OR WANT OF CONSIDERATION OF A WRITTEN CONTRACT MAY BE SHOWN BY PAROL.—Parol testimony is admissible to show the illegality, failure, or want of consideration of a written contract, or that it never had any legal existence or binding force, either by reason of fraud or for want of due execution and delivery.

3. SAME: PAROL EVIDENCE NOT ADMISSIBLE TO VARY OR CONTRADICT A PROMISSORY NOTE.—It is not competent to show by parol that a promissory note, absolute on its face, and made by the maker as the guardian of another, was only to be paid in the event that assets of the ward, sufficient to pay the same, should come into the maker's hands as guardian, and which could be legally applied to that purpose.

4. PROMISSORY NOTES: CONSIDERATION: PRE-EXISTING DEBT OF THIRD PERSON NOT A GOOD CONSIDERATION UNLESS DEBT EXTINGUISHED.—A promissory note, executed solely in consideration of a pre-existing debt of a third person, is without consideration, unless the pre-existing debt is thereby extinguished, or the substituted note is received as a conditional payment only, and has since been transferred by the payee, and is outstanding in the hands of a third person.

5. PLEADING: NOTICE FILED WITH GENERAL ISSUE: WHEN IMPROPER, HOW DISPOSED OF.—When a notice is attached to a special plea it may be stricken out on motion; when an improper notice is attached to the general issue, the mode of avoiding the special matter proposed to be proven under it, is by an objection to the introduction of the testimony.

ERROR to the Circuit Court of Amite county. Hon. James M. Smiley, judge.

The opinion of the court states the history of the case.

*Simrall & McKnight* for plaintiff in error.

Suit was brought by Hoffman and wife to recover on sundry notes deriving title as bearer.

Wren pleaded that the debt for which the note was given was the debt of his ward, and that he then had no assets of his ward, nor did any afterwards come to his hands; and that the note was not to be paid unless there were assets on hand, or to come to hand. To this plea a demurrer was sustained.

Notice in writing was given that substantially the same facts would be proved under the general issue. To this notice a demurrer was sustained.

For the plaintiff in error, we insist that the matter set up in the plea and notice was a good defence, and there was error in sustaining the demurrer.

It was error to entertain and sustain a demurrer to a notice, as has been adjudged by this court.

The plea and notice aver that the *ward* owed the debt for which the note was given.

When the Statute of Frauds says that a promise to *answer* or be responsible for the debt of another must be in writing, it does not intend that all " written promises " for such debts are obligatory and recoverable by suit merely because they are in writing.

The doctrine of the common law has always been, that a promise not supported by a good consideration is *nudum pactum.*

A. owes B. one hundred dollars; a month or a week afterwards he gives his promissory note to B., thereby meaning to be answerable for A.'s debt. Here the Statute of Frauds is satisfied, the promise being in writing (which the common law did not insist upon as an essential matter to its validity). But the common law claims that there must be " a consideration for the promise." None appears in the case supposed; it is a mere voluntary agreement, and therefore invalid. A person who was the ward of Wren owed a debt; there was no *personal* responsibility on Wren to pay it, as the plea and notice shows. Wren gives his note for this debt; no benefit enures to him; not even is the debt against the ward satisfied or assigned. Wren had no funds of the ward on hand, none afterwards came to his possession; the promise was without consideration, and therefore not binding.

The promissory notes, to be sure, imply or import a consideration, and hence proof of it is dispensed with. But when all the facts connected with the promissory notes are proved, if it appears there was no consideration, the party is in no better condition than in the case of a verbal promise or contract (not required to be in writing), where the consideration must be shown.

Parsons on Contracts. Story and Chitty lay down the law to be, and the cases cited (see especially Parsons), that there must be at the *time* of the assumpsit of the debt of another, a then present consideration, new and substantial, in order to uphold it. "If, in this case, Wren were under a *legal* obligation to pay this debt, if the suit for the original debt could be maintained against him, then the promise is binding; but if not so bound, and he engages to pay the debt of another, his ward, then there must, to give legal force to his promise by these notes, be a present, new, and original consideration as inducement for the notes."

The plea shows there was none such.

It was therefore error to overrule the plea and notice.

No counsel for defendants in error.

PEYTON, J., delivered the opinion of the court.

The defendants in error, R. Hoffman and Adalaide Hoffman his wife, instituted suit against the plaintiff in error in the Circuit Court of Amite county, on three promissory notes, amounting to $413.96, made by him as guardian of Thomas H. Morris. One of them was payable to Henry Fox or bearer, and the other two to Fox and Shirck, or bearer. The said Adalaide Hoffman is alleged in the declaration to be the owner and bearer of said notes.

At the May term, 1866, of said court, the plaintiff in error appeared, filed *non assumpsit* and a special plea that the said notes were executed by him as guardian for Thomas H. Morris, a minor, for debts owing by said ward, and that at the time of the execution of the same, it was agreed between him and the

Francis C. Wren *v.* R. Hoffman and Wife.

said Fox, and Fox and Schirck, that he was to pay said notes upon the condition that assets of said minor should come into his hands sufficient to pay the same, which could legally be applied to that purpose, and in case such assets did not come to his hands, then he was not to pay said notes, but they were to be delivered up to him, and avers that such assets never came to his hands, and that therefore the notes were void.

To this special plea the plaintiffs below demurred, and the demurrer was sustained by the court. The defendant then pleaded that the plaintiff, Adalaide Hoffman, was not the legal owner and bearer of the said promissory notes, and upon this plea issue was joined. And accompanying this plea was a notice given by the defendant to the plaintiffs below, that on the trial of this issue he would give in evidence the facts stated and set out in his first special plea, and that he would also give evidence that such notes were transferred to said plaintiff with notice of those facts, and after they were due and payable. The plaintiffs below demurred to said notice, and the demurrer was sustained by the court, and the cause was then tried upon the issues joined on the first and third pleas, and the jury found a verdict for the plaintiffs below, and judgment thereupon passed for them. And the defendant below brings the cause before this court by writ of error, and makes the following assignments of error:

1. The court erred in sustaining the demurrer to the first special plea.

2. The court erred in entertaining and sustaining a demurrer to the notice given under the second special plea.

The only questions for consideration are those arising upon the sufficiency of the first special plea, and of the notice given under the second special plea.

The first special plea is defective, in setting up a parol agreement contemporaneous with the written contract on which this action is founded. By the well-settled rules of evidence this cannot be done. At law a contract cannot rest partly in writing and partly in parol. When parties have deliberately put their engagements into writing in such terms as import a legal obligation, it is conclusively presumed that the whole engagement of

the parties, and the extent and manner of their undertaking, was reduced to writing, and all oral testimony of a previous colloquium between the parties, or of conversation or declarations at the time when it was completed, or afterwards, is rejected, as it would tend, in many instances, to substitute a new and different contract for the one which was really agreed upon, to the prejudice, possibly, of one of the parties. 1 Greenleaf's Evid. 315, sec. 275 ; Story on Notes, 26, sec. 24 ; *Young* v. *Jacoway,* 9 S. & M. 215 ; *Rawson* v. *Walker,* 1 Starkie's Rep. 361 ; 2 Eng. Com. Law Rep. 427 ; *Woodbridge* v. *Spooner,* 3 Barn. & Ald. 233 ; 5 Eng. Com. Law Rep., 268 ; Same Case in Chitty's Rep. 661 ; 18 Eng. Com. Law Rep. 195 ; *Mosely* v. *Hanford,* 10 Barn. & Cress. 729 ; 21 Eng. Com. Law Rep., 156.

The rule which prohibits the admission of parol contemporaneous evidence to contradict or vary the terms of a valid written contract, is not infringed by the reception of parol evidence to show the illegality, failure, or want of consideration of a contract. Parol evidence may be admitted to show that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud or for want of due execution and delivery. This qualification of the rule applies to all contracts, whether under seal or not. 1 Greenleaf's Evid. 322, sec. 284.

It is insisted by counsel for the plaintiff in error, that as the notes sued on were given for a pre-existing debt of his ward to the payees thereof, there was no consideration for them, and that for the want of consideration the notes were void, and therefore no recovery could be had thereon. This will depend upon the effect which the taking of the notes will have upon the antecedent debt of the ward of the maker. If the debt of the ward was satisfied by the notes given by his guardian, then there was no failure of consideration for the notes, and the plaintiffs below had a right to recover on them in case the said Adalaide Hoffman was the legal owner and bearer thereof.

The extinguishment of the pre-existing debt of the ward is a sufficient consideration for the notes.

Even where the substituted negotiable note of the maker

himself is received as conditional payment only, it will amount to an absolute satisfaction or extinguishment of the original debt, if the note has since been transferred by the payee, and is outstanding in the hands of a third person.   Story on Notes, 501, sec. 455 ; *Black* v. *Zachary*, 3 Howard's S. C. Rep. 483.

The record in this case shows that these notes were negotiable, and have been transferred by the payees to one of the defendants in error, and are still outstanding in her hands.   This amounts to an absolute satisfaction or extinguishment of the original debt of the ward, which is a sufficient consideration for the new promises or notes sued on.   This was not a collateral undertaking within the purview of the Statute of Frauds.

It is well settled that where there is some new and original consideration of benefit or harm, moving between the new contracting parties, the case is not within the statute.   *Leonard* v. *Vredenburgh*, 8 John. 23, 29 ;   Smith on Contracts, 4th Amer. ed. 117.

In this case, the extinguishment of the pre-existing debt of the ward was a new and original consideration of harm to the promisees of these notes, and made the promises of the plaintiff in error an original undertaking.

There is no error, therefore, in sustaining the demurrer to the first special plea of the plaintiff in error.

The next assignment of error is, that the court erred in entertaining and sustaining a demurrer to the notice attached by the plaintiff in error to his second special plea.   It must be conceded that this is a novel mode of getting rid of an improper notice.   Where the notice is attached to a special plea, the proper mode of getting rid of it is to move the court to strike it out of the records.   But where an improper notice is attached to the general issue, the proper mode of avoiding the special matter proposed to be proved under it is to object to the evidence when offered, on the ground that it is not pertinent or relevant to the issues to be tried.   But the irregular mode of disposing of the notice by demurrer cannot avail the plaintiff in error, as he was not injured thereby.

Let the judgment be affirmed.