## G. W. SHACKELFORD *v.* A. C. HOOKER.

1. CONDITIONAL ACCEPTANCE. *Ambiguity. Parol evidence to explain.*
   An acceptance of a bill of exchange in these words, " Accepted. Payable after my advances are paid," may be explained by parol evidence, so far as to show what advances were meant, even including future advances.

2. SAME. *Circumstances explaining relation of parties admissible.*
   To enable the court to apply the instrument to the parties and subject-matter, it is competent in such case to prove that the drawer was tenant of the acceptor who supplied him, and had a trust-deed on his crop.

3. PAROL EVIDENCE TO EXPLAIN WRITING. *Ambiguity.*
   While parol evidence to vary a written contract is inadmissible, that which removes an ambiguity consistently with the writing is competent.

4. SAME. *Short and incomplete terms.*
   Short and incomplete terms, which are *per se* unintelligible, may be explained by parol proof of the real meaning of the parties, not to prevail over the words of the writing, but to give them force and operation.

5. CONDITIONAL ACCEPTANCE. *Proof of performance of condition essential to recovery.*
   A conditional acceptance of a bill of exchange makes a new contract between the payee and acceptor, which can be enforced only on averment and proof that the condition has been performed.

ERROR to the Circuit Court of Holmes County.

Hon. W. COTHRAN, Judge.

*Frank Johnston*, for the plaintiff in error, argued the case orally, and filed a brief making the following points: —

Extrinsic evidence is admissible to explain the phrase, "after my advances are paid." The words are ambiguous, leaving unexplained the kind of advances, the time when advanced and the person to whom. The ambiguity is not patent, but is susceptible of explanation. Parol evidence may be introduced to explain an ambiguous acceptance. Chitty on Bills, 237, note *d*; *Jeffery* v. *Walton*, 1 Stark. 267. Ambiguous words may be explained, 1 Parsons on Contracts, 577; as "freight," *Peisch* v. *Dickson*, 1 Mason, 9; "port," *Longuemere* v. *New York Ins. Co.*, 10 Johns. 120; and other words explained by custom, 3 Parsons on Contracts, 535, and note *e*. Extrinsic evidence is always admissible to remove doubt or uncertainty. 1 Greenl. Evid. § 282.

*H. S. Hooker*, for the defendant in error.

Parol evidence was inadmissible to explain the acceptance. Story on Bills, §§ 240, 265, note 6; 1 Greenl. Evid. § 281. The acceptance became absolute on payment of the advances, and its terms could not be changed. *Herndon* v. *Henderson*, 41 Miss. 584; *Cocke* v. *Bailey*, 42 Miss. 81; *Kerr* v. *Kuykendall*, 44 Miss. 137; 7 S. & M. 244; Story on Contracts, 671, and note; *Ellis* v. *Kelly*, 33 Miss. 695; *Brantley* v. *Carter*, 26 Miss. 282; *Young* v. *Jackoway*, 9 S. & M. 212. The court should have construed the contract, *Fairly* v. *Fairly*, 38 Miss. 280; and have construed it according to the reasonable sense of its words, 10 S. & M. 560, 615.

*Nugent & McWillie*, on the same side.

The acceptance is absolute. To construe it as payable after future advances are paid makes the condition impossible. It relates to the advances already made. This is the only construction which can be given to it. There is no ambiguity. Hence the extrinsic evidence was properly excluded. *Rowe* v. *Young*, 2 Brod. & Bing. 165; *Sproat* v. *Matthews*, 1 T. R. 182; Story on Bills, 240; 1 Parsons on Notes and Bills, 301, 311; *Newhall* v. *Clark*, 3 Cushing, 376.

*W. L. Nugent*, on the same side, made an oral argument.

SIMRALL, C. J., delivered the opinion of the court.

Suit was brought by A. C. Hooker, the payee, against G. W. Shackelford, acceptor, on the following order or bill of exchange: —

"TCHULA, March 25, 1871.

" Mr. G. W. SHACKELFORD, — You will please pay to Mr. A. C. Hooker, or order, $320, and charge the same to my account.

his
" Signed,      SAM  ⨯  DORSEY.
mark.

'" Witness, W. B. JONES."

Across the face of the paper is written these words: —

. "Accepted.   Payable after my advances are paid.
" Signed,      G. W. SHACKELFORD."

The Circuit Court, in its rulings on testimony, construed the acceptance as relating to advances which Shackelford had made before and at the date of the acceptance, and excluded testimony tending to prove the understanding of the parties to the paper.

For the purpose of applying an instrument to the facts to determine what passes by it, and who takes an interest under it, every fact that will enable the court to identify the person or thing mentioned in the instrument, and to place the court as near as may be in the situation of the parties, is admissible in evidence. *Shore* v. *Wilson*, 9 Clark & Fin. 355, 556; 2 Parsons on Contracts, 560. It was competent to show the connection of the parties with each other, and the subject-matter, which were, that Dorsey was one of Shackelford's tenants. Shackelford had made arrangements with a merchant at Tchula to supply the tenants, on his credit; so that he became the debtor of the merchant and the creditor of the tenants. He had taken a deed in trust from Dorsey on the crop. Hooker insists that there is no ambiguity in Shackelford's acceptance. Shackelford claims that it is ambiguous, and that, therefore, extraneous testimony should be admitted in explanation. The rule on this subject, as stated in 1 Greenl. Evid. § 275, is to the effect that when parties have deliberately put their engagements in writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is

conclusively presumed that the whole engagement, with the extent and manner of their undertaking, was reduced to writing; and, therefore, no conversation or declaration or previous *colloquium* is admissible, tending to establish a new or different contract. See also *Wren* v. *Hoffman*, 41 Miss. 616. The rule excludes testimony of the character indicated, which would vary or contradict the contract as written.

If the rejected testimony offered by the defendant below had the effect to make a contract different from that expressed in the writing, or to vary it, it was properly excluded. If, however, its effect would be consistent with the writing, removing the uncertainty as to what " advances " were referred to and contemplated by the parties, it is urged by the plaintiff, in this court, that the testimony should have been received. " Where the agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms." 1 Greenl. Evid. § 282. It is not competent to show by parol what the parties secretly and in fact intended ; but when the inquiry is what meaning they meant to convey by the words used in the writing, it is legitimate to consult extraneous facts and circumstances. 1 Greenl. Evid. § 282. For illustration, a party subscribed this instrument: " I O U the sum of $160, which I shall pay on demand to you." The paper on its face was inoperative, because not addressed to any person. No one was named as payee. Parol evidence was admitted to show the person to whom the money was to be paid. *Kinney* v. *Flynn*, 2 R. I. 319. The objection made was that the ambiguity was patent, and not susceptible of explanation ; but to that the answer was, that the promise was to pay " you," and it was admissible *aliunde* to point out who "you " was.

It is the right of the holder of a bill of exchange to insist upon an absolute unconditional acceptance, and he may decline a conditional one, and protest. 1 Daniel on Negotiable Instruments, § 508. If he takes a qualified or conditional acceptance, he does so at his own risk. A conditional acceptance makes a new contract between the payee and acceptor, expressed in the terms employed by the acceptor. He names the condi-

tion on which he will pay, and can only be held bound by averment and proof that the condition has been performed. The writing itself gives no information of what "advances" were referred to; to ascertain by testimony *aliunde* on what account, and to what extent and for what purpose made, does not vary or contradict the writing, but gives certainty to that to which the writing itself points. If it had been shown by testimony that Shackelford had advanced, from time to time, $100, and that the general words of the acceptance alluded to repayment of that sum, it would not be questioned but that all the facts might have been brought out by testimony, to give definiteness to the sense in which the parties used the word "advances."

Where necessity exists to employ external circumstances to interpret an uncertain written instrument, it is proper, as we have seen, to look at the situation of the parties, and the subject-matter. Parol evidence places the parties in this category: Dorsey was indebted to Hooker, and, as a means of payment, gave the order on Shackelford. Shackelford was willing to pay Hooker whatever excess there might be of Dorsey's means in his hands after his demands were satisfied; and, not knowing how to shape the acceptance so as to express that limited obligation, a friend was consulted, and by his advice it was written in the form already quoted. The verbal agreement was that Shackelford should accommodate Hooker by an engagement to turn over to him the excess of Dorsey's means, after satisfying his own demands upon them. These demands were for the supplies furnished during the year. So much of this testimony as would vary or contradict the writing was inadmissible. So much as would explain the ambiguity was competent.

Shackelford accepted to pay, not presently, but *in futuro*, — after his advances were paid. The Circuit Court told the jury that the legal import of the words was advances already made. It has not been controverted that the advances contemplated by the parties being, on the face of the writing, uncertain, parol evidence could be received on the point. It was shown that the reference was to those made by Shackelford to his tenant Dorsey. Does the ordinary and reasonable mean-

ing of the words as written embrace only advances already made, or might advances for the year be included? If susceptible of both meanings, it is legitimate, by evidence *aliunde*, to give that construction which the parties intended. The language points to an uncertain *time*, and an *event* that may never happen. The language does not necessarily exclude those advances which Shackelford was under an engagement to make; and parol evidence to show what they were, that is, supplies during the year, does not contradict the written words. But the import of the words is, that after such advances are paid, then the engagement becomes absolute. The contract fixes the *time* of payment, not by the measurement of days and months, but on a contingent event. When that event happens, the engagement, by force of the written words, becomes absolute. As to that there is no ambiguity, and no place for explanation by parol. The writing suggests the question *what* supplies must be paid for before a liability is fixed on Shackelford; and that may be answered *aliunde*, so as to give the true effect to the written words. Further than that there is no ambiguity. So much of the excluded testimony as explained that uncertainty was competent. The rule of evidence does not allow proof of the *secret* and *real* meaning of the parties, so that it may prevail over the words of the writing, but gives force and operation to their understanding, if it does not conflict with the writing. Short and incomplete terms, which are *per se* unintelligible, may be thus explained; for thereby certainty is given to the object and extent of the engagement.

The foregoing views indicate what part of the excluded testimony should have been admitted.

*Judgment reversed and cause remanded.*