WILLIAM T. HOWIE ET AL. *v.* WALTER PLATT ET AL.

1. CONTRACTS. *Parol evidence. Writing procured by fraud.*

Parol evidence is admissible to show that the execution of a written contract was procured by fraud.

2. SAME. *Lost letters.*

Where the defense to a suit upon a written contract is that the execution thereof was procured by fraudulent representations, it is error to exclude parol evidence of the contents of letters, shown to have been lost or destroyed, in which the plaintiff refused to deposit a promised guaranty on the faith of which the contract was executed.

FROM the circuit court of Scott county.

HON. JOHN R. ENOCHS, Judge.

Platt and another, appellants, were plaintiffs, and Howie and another, appellees, were defendants in the court below. From a judgment in plaintiffs' favor, the defendants appealed to the supreme court.

The suit was to recover on a written contract for the sale of cologne. The defense was that the contract had been pro-

cured by fraudulent representations. The testimony for the defendants was to the effect that the salesman of plaintiffs tried to sell the goods to defendants, who refused to buy on the ground that they did not handle such goods; the salesman then went out of the store, but came back afterwards and said he had failed to place the goods in the town, and asked defendants again to take them, saying that, as an inducement to them, he would guarantee 33 1-3 per cent. profit on them for three years if the stock was kept replenished, and that he would deposit the amount of the order in any bank defendants would suggest, to make the guaranty good, whereupon defendants told him that if he would put the money in the First National Bank of Meridian they would take the goods, and he agreed to make the deposit in said bank before defendants would be called on to accept the goods; the salesman then took out his written contract, which was a long one, stated that he desired to leave on the first train, only had a short time; and defendants signed the contract without reading it, supposing it contained the agreement as to the deposit, but after the salesman left they read it, and found that it did not contain the agreement to place the money in the bank, and at once countermanded the order, and refused to take the goods when they were shipped. On the trial, defendants offered to prove that they had received letters from plaintiffs refusing to deposit the money in the bank, that the letters had been lost or destroyed and could not be found after diligent search, and offered to prove the contents of the letters. This was objected to by plaintiffs, and the objection was sustained.

*Green & Green,* for appellants.

We recognize that parol evidence is not admissible to alter, vary, or add to written contracts. But under the record here we have a failure by appellee to make sale on his first visit, then after trying the whole town he returns just before the time for

the train to leave and renews his efforts, holds out new induce-
ments, more favorable terms, and renews negotiations on the
representation that the profits guaranteed would be 33 1-3 per
cent. with the money deposited in a local bank, and the repre-
sentations that the money was to be put in a local bank, was one
of the inducements to the contract, one of its most important
terms, and one on which the minds of the parties had met was
that the money should be deposited in the First National Bank
of Meridian, Miss. The minds of the parties had met, contract
had resulted in which this deposit was one of the essential ele-
ments. The train was nearly due, the drummer was in a hurry
to take it and get away, and being thus in a hurry shoved over a
long contract which he assured Howie embodied the terms as
agreed upon between them, and without reading the contract
over, to the knowledge of appellee without having time to read it,
relying upon the assurance of the agent as to its contents, and
that it truly contained what the parties had agreed upon, Howie
signed the order at the instance of the appellee and upon such
assurances. The contract covers several pages, a voluminous
affair, containing all kinds of stipulations, conditions, etc., but
containing nothing about the deposit of the money. As soon as
Howie had time he read the contract and found that it did not
contain the terms that gave it its value to him and at once, by
that night's mail, sent a countermand of it, unless the appellee
would comply with the terms of the parol agreement and make
the deposit.

As in *Wren* v. *Hoffman,* 41 Miss., 616: "The rule which
prohibits the admission of parol contemporaneous evidence to
contradict or vary the terms of valid written contract is not
infringed by the reception of parol evidence, to show the ille-
gality, failure, or want of consideration of a contract. Parol
evidence may be admitted to show that the instrument is alto-
gether void, or that it never had any legal existence or binding
force, either by reason of fraud or for want of due execution

and delivery. This qualification of the rule applies to all contracts, whether under seal or not."

As said by Mr. J. Somerville in *Burroughs* v. *Graves Co.,* 1 So. (Ala.), 213: "Where a person signs an instrument without reading it, or, if he cannot read it, without asking to have it read to him the legal· effect of the signature cannot be avoided by showing his ignorance of its contents in the absence of some fraud, deceit, or misrepresentation having been practiced upon him. But the rule is otherwise, and the instrument will be held void, where its execution is obtained by a misrepresentation of its contents, the party signing a paper which he did not know he was signing, and did not really intend to sign. It is immaterial in the latter aspect of the case, that the party signing had an opportunity to read the paper; for he may have been prevented from doing so by the very fact that he trusted to the truth of the representation made by the other party with whom he was dealing. *Goetler* v. *Pickett,* 61 Ala., 387; *Dawson* v. *Burrus,* 73 Ala., 111; *Foster* v. *Johnson,* 70 Ala., 251; *Davis* v. *Snider, id.,* 317; *Johnson* v. *Cook,* 73 Ala., 537."

The court below surely erred in refusing appellant the right to prove the contents of the lost or destroyed letters from appellees refusing to make the deposit, as they had agreed to do, in the bank at Meridian.

*Amis & Dunn,* for appellees.

The action of the court in excluding evidence was proper:

1st. Because the matter had already been once inquired into and testified about, and it was not proper to go over it again.

2d. Because the witness was an intelligent man, and could not have misunderstood his counsel.

3d. Because, to say the least of it, of the improper conduct of defendant's counsel and the witness in holding private consultations during the examination of the witness.

Argued orally by *Garner W. Green,* for appellants.

Whitfield, C. J., delivered the opinion of the court.

It is said in *Wren* v. *Hoffman,* 41 Miss., 620, that "parol evidence may be admitted to show that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud, or for want of due execution and delivery. This qualification of the rule applies to all contracts." The court's ruling in admitting the testimony showing that the contract was procured by fraud was therefore correct. It is one thing to attempt to vary, alter, or contradict the terms of a written contract once validly executed, and quite a different thing to show that the contract offered never had any legal existence, because its execution was procured by fraud. But the court committed fatal error in refusing to allow appellants to show by the contents of the letters from plaintiffs that they admitted that they had not deposited the money in the First National Bank at Meridian, the letters having been shown to have been lost or destroyed.

*Reversed and remanded.*