PATTON-WORSHAM DRUG COMPANY *v.* PLANTERS' MERCANTILE COMPANY.

EVIDENCE. *Written contract. Parol testimony to vary.*

In a suit upon a written contract or order for goods, which, by its express terms, excludes all agreements with agents not written therein, parol evidence of a contemporaneous promise made by an agent:

(*a*) Is inadmissible on an issue of failure of consideration; but

(*b*) Is admissible to show fraud in the procurement of the contract.

FROM the circuit court of Bolivar county.

HON. A. McC. KIMBROUGH, Judge.

The Patton-Worsham Drug Company, appellant, was plaintiff, and the Planters' Mercantile Company, appellee, defendant in the court below. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The opinion of the court states the facts of the case.

*Harper & Potter,* for appellant.

It is too well settled to require citation of authorities that where there is an effective written contract there can be no verbal one, and that parol contemporaneous evidence is inad-

missible to contradict or vary the terms of a written instrument, and that previous conversations of the parties are not admissible to determine their intention.    *Cocke* v. *Blackman,* 58 Miss., 537; *Lumber Co.* v. *Lumber Co.,* 71 Miss., 944.

The court will see from the record that the effort to vary the written contract was made and upheld by the court upon the idea that the matters set up in the counter-affidavit, and offered in proof by the defendant, were a part of the consideration for the purchase of the goods.    This question is exhaustively treated in *Baum* v. *Lynn,* 72 Miss., 932, where this contention is decided against the view of the appellee and the lower court. *Gully* v. *Grubbs,* 1 J. J. Marshall (Ky.), 387; *Ferguson* v. *Rafferty,* 6 L. R. A., 33.

Parol evidence is inadmissible to vary a written covenant under guise of showing consideration.    *Simanovich* v. *Wood,* 145 Mass., 180.

*Green & Green,* for appellee.

In *Howie* v. *Platt,* 83 Miss., 19, this court correctly lays down the rule applicable to the case at bar when it says: "It is said in *Wren* v. *Hoffman,* 41 Miss., 620, that 'parol evidence may be admitted to show that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud or for want of due execution and delivery. This qualification applies to all contracts.'    The court's ruling, in admitting the testimony showing that the contract was procured by fraud, was therefore correct.    It is one thing to attempt to vary, alter, or contradict the terms of a written contract once validly executed, and quite a different thing to show that the contract offered never had any legal existence, because its execution was procured by fraud."

Our contention is that the case falls squarely within this doctrine, as the appellee was duped into signing the same by the false and fraudulent representations of the agent of the appellant.  The contract was never in being; it was procured by impo-

sition and misstatements of material facts that were false, and the appellant knew them to be false when the same were made. Consider the verbiage of the contract. There is not a single line in it but that is declaring the good faith of the appellant and declaring that the appellee was to be bound by the terms of the same, and its declarations in this behalf are its own condemnation. Consider the badges enumerated in *Twyne's Case,* 3 Co., 81a: "6th. That the deed contains that the gift was honestly made, truly and *bona fide;* for *clausae inconsuetae semper inducunt suspicionem."* 2 Min. Ins. (4th ed.), 679; Broom Leg. Max. (7th ed.), 290.

Cox, J., delivered the opinion of the court.

This suit, brought originally in the justice's court, was tried on appeal in the circuit court. It was for the recovery of the price of "three gross oxidine" ordered by appellee of appellant. The order was made upon a blank, furnished doubtless by appellant, which recites that: "All understandings, conditions, and agreements between the buyer and the salesman must be stated in the order. Verbal agreements with the salesman and failure to read the terms of the order will not be recognized as a basis for claims." The verdict was for defendant.

The court permitted the introduction of evidence to show that the sole consideration of the order was a contemporary parol promise made by the agent of appellant that appellee was to be the sole distributing agent of appellant throughout all the territory from Memphis to Vicksburg, and was to receive five per cent on all sales; that this promise had not been kept; and that, in consequence thereof, there had been a total failure of consideration. Evidence was also allowed tending to show that the same inducements were held out by appellant's agents to other persons in the territory within which appellee was to be sole distributing agent. The court erred in permitting this evidence to go to the jury on the issue of failure of consideration, which was the sole issue tried by the jury under the

instructions given. The order, on its face, expressly excluded all agreements with agents not written therein. The stipulations of the order made it an entire contract, not to be varied by parol. If the same facts had been submitted, under proper instructions, as tending to show fraud in the procurement of the order, and the verdict had been for defendant, we would affirm. Fraud vitiates all things, and may be predicated of promises designed to entrap the unwary, and never intended to be kept, as well as of misstatements of existing facts. *Howie Bros.* v. *Walter Platt & Co.,* 83 Miss., 15 (35 South. Rep., 216).

*Reversed and remanded.*