J. C. Dana *v.* Gulf & Ship Island R. Co.

[64 South. 214.]

1. Accord and Satisfaction. *Pleading. Replication. Fraud.*
    Where in an action by an employee for personal injury against a railroad company, the defendant pleaded an accord and satisfaction and plaintiff filed a replication that the accord was fraudulently obtained, it was error for the court to sustain a demurrer to such replication.

2. Same.
    Fraud vitiates all things, and may be predicated of promises designed to entrap the unwary, and never intended to be kept, as well as misstatements of existing facts.
    106 Miss. 32

3. Same.

It is one thing to attempt to vary, alter or contradict the terms of a written contract once validly executed, and quite a different thing to show that the contract offered never had any legal existence, because its execution was procured by fraud.

Appeal from the circuit court of Harrison county.

Hon. T. H. Barrett, Judge.

Suit by J. C. Dana against the Gulf & Ship Island Railroad Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*E. E. Brogan* and *Bowers & Griffith,* for appellant.

On the facts of this case we call the court's attention to the following Mississippi authorities: "Where a railroad company sued by an employee for damages for personal injuries, pleads a release executed by plaintiff, he may avoid the same by showing that it was signed under the belief, induced by the fraudulent representations of the defendant's agents, that it was merely a receipt for wages." *Welch* v. *Alabama, etc., R. Co.,* 70 Miss. 20, 11 So. 723; *Jones* v. *Alabama, etc., R. Co.,* 72 Miss. 22, 16 So. 379; *Wren* v. *Hoffman,* 41 Miss. 620; *Howie et al. v. Platt et al.,* 83 Miss. 15; *Sistrunk* v. *Wilson,* 54 So. 89; *Townsend* v. *Hurst,* 37 Miss. 680; *Folkes* v. *Pratt et al.,* 86 Miss. 264; *Patton-Worsham Drug Co.* v. *Planters Mercantile Co.,* 86 Miss. 423; *R. R. Co.* v. *Chiles,* 86 Miss. 361; *St. L. & S. D. R. R. Co.* v. *Ault,* 58 So. 104; *R. R. Co.* v. *Chiles,* 86 Miss. 365; 38 So. 498.

In addition to these Mississippi authorities, which alone and unsupported by other citations are decisive of the matter in favor of plaintiff, we have endeavored to collate all the reported American cases applicable and related to the question under discussion. *Wray* v. *Chandler,* 54 Ind. 146; *Rauen* v. *Prudential Ins. Co.,* 106 N. W. 198, 129 Iowa, 725; *Erickson* v. *Northwest Paper Co.,* 104 N. W. 291, 95 Minn. 356; *Austin* v. *St. Louis Transit Co.,*

91 S. W. 450, 115 Mo. App. 146; *Tooker* v. *Ackerly,* 6 N. Y. S. 951, 53 Hun 633, 2 Silvernail, 507, 25 N. Y. St. Rep. 502; *C. & O. R. R. Co.* v. *Howard,* 14 App. D. C. 262, judgment affirmed 20 S. Ct. 880, 178 U. S. 153, 44 L. Ed. 1015; *Lumley* v. *Wabash R. R. Co.,* 76 Fed. 66, 22 C. C. A. 60, reversing decree (C. C. 1895), 71 Fed. 21; decree affirmed in *Wabash Ry. Co.* v. *Lumley* (1899), 96 Fed. 773, 370 C. A. 584; *Gr. Northern Ry. Co.* v. *Kasischke,* 104 Fed. 440, 43 C. C. A. 626; *Meyer* v. *Haas,* 58 Pac. 1042, 126 Cal. 569; Judgment, 85 Ill. App. 407, affirmed; *Pioneer Cooperage Co.* v. *Romanowicz,* 57 N. E. 864, 186 Ill. 9; *Indiana, D. & W. Ry. Co.* v. *Fowler,* 103 Ill. App. 565, judgment affirmed, 66 N. E. 394, 201 Ill. 152, 94 Am. St. Rep. 158; *Ballard* v. *Chicago, R. I. & P. Ry. Co.,* 70 Mo. App. 108; *I. & G. N. R. Co.* v. *Shuford,* 81 S. W. 1189, 36 Tex. Civ. App. 251; *Wiallet* v. *Consolidated Ry. & Power Co.,* 84 Pac. 496, 30 Utah, 260, 5 L. R. A. (N. S.), 663; *Bjorklund* v. *Seattle El. Co.,* 77 Pac. 727, 35 Wash. 439; *C. R. I. & P. Ry. Co.* v. *Lewis,* 109 Ill. 120; *Vaillancourt* v. *Grand Trunk Ry. of Canada,* 74 Atl. 99, 56 A. & E. R. R. Cases, new series, page 363; *St. L., I. M. & S. Ry. Co.* v. *Hambright,* 113 S. W. 803, 54 A. & E. R. R. Cases, new series 283; *St. L. & S. F. R. Co.* v. *Richards,* 102 Pac. 92, 54 A. & E. R. R. Cases, new series, 575; *R. R. Co.* v. *Cleary,* 19 N. Y. Sup. 951; *R. R. Co.* v. *Arnett* (Ala.), 34 So. 414; *R. R. Co.* v. *Brewer* (Ky.), 52 A. & E. R. R. Cases, new series, 634; *Hayes* v. *A. & C. A. L. Ry. Co.,* 10 A. & E. Cases Annotated, 737; *Hearn* v. *Hearn,* 53 Atl. 95, 24 R. I. 328; *Hot Springs Ry. Co.* v. *McMillan,* 88 S. W. 846, 76 Ark. 88; *Mo. Pac. Ry. Co.* v. *Goodholm,* 60 Pac. 1066, 61 Kan. 758; *Bliss* v. *N. Y. C. & H. R. R. Co.,* 160 Mass. 447, 36 N. E. 65, 39 Am. St. Rep. 504. See note also; (Civ. App. 1901) *I. & G. N. R. Co.* v. *Harris,* 65 S. W. 885, judgment affirmed (Sup. 1902), 67 S. W. 315, 95 Texas, 346; *Houston & T. C. R. Co.* v. *Brown,* 69 S. W. 651; *Jones* v. *Gulf C. & S. F. Ry. Co.,* 73 S. W. 1082, 32 Tex. Civ.

App. 198; *Galveston H. & S. A. Ry. Co.* v. *Cade,* 93 S. W.
124; *St. L., I. M. & S. Ry. Co.* v. *Phillips,* 66 Fed. 35, 13
C. C. A. 315; *Mateer* v. *Mo. Pac. Ry. Co.,* 15 S. W. 970.

In conclusion on this point, let us repeat that the fraud
which is clearly and sufficiently alleged in the second rep-
lication to each of the special pleas of defendant, con-
sists in the making of false statements and assurances to
plaintiff by the defendant, which the defendant, at the
time they were made, did not intend to keep or perform,
and which were made solely for the purpose of procuring,
at that time, a settlement and release of plaintiff's claims
against defendant; the fact that these assurances were
implicitly relied upon and believed by plaintiff, as de-
fendant then and there well knew, and the fact that the
defendant knew that plaintiff would not have accepted
any money whatever but for his reliance upon the state-
ments and promises of the defendant, false when made
and which the said defendant never intended honestly
and fairly to live up to.    Second, the conduct of de-
fendant in throwing plaintiff off his guard as to the
character of paper which he was called upon to sign, by
language and conduct construed by the plaintiff, and
which he had a right to construe, as meaning that the pa-
per handed him for his signature was simply his receipt
for the money about to be paid him and nothing more,
and this at a time when he had not recovered from his
injuries nor from the effects of the drugs that had been
given him.

Nothing contained in either of these replications con-
stitutes any estoppel against plaintiff.    The fact that he
accepted such employment as was given him, does not
militate against his right to set the release and compro-
mise aside for fraud.    The plea sufficiently shows that
he was induced to take what was offered to him because
of assurances held out to him that ultimately and in due
season employment of the character promised and at
the compensation agreed upon would be given him.    But

even if we assume for the sake of argument that his acceptance of the employment given him estopped him to demand different employment at the highest price, he was finally discharged and all employment of every sort taken away from him. This so-called estoppel, if available for any purpose, would be effective only to minimize the amount of damages which he might claim on account of the breach of the contract, and only in a suit upon the contract.

It is possible that we may have wearied the court by multiplying authorities, but it seemed to us that after stating the question at issue, we could present it in no better way than to furnish your honors with a citation to, and quotations from, practically all the American cases on the subject under consideration.

*B. E. Eaton,* for appellee.

We submit that, under well recognized principles of law, all allegations of fraud must be supported by a statement of the particular facts relied upon as constituting fraud, and if the facts set forth do not constitute fraud then notwithstanding the pleader has charged fraud as the legal conclusion, the court will determine the question of law from the allegations of facts. It is no longer sufficient to say that a matter was fraudulently done. The facts alleged to constitute fraud must determine that question. *Title* v. *Bonner,* 53 Miss. 578; *Ross* v. *Duncan,* Fr. Chancery Rep. 587; *Bush* v. *Vail,* 2 Miss. 5-19.

It then becomes necessary to review the facts in their relation to the allegations of fraud. In doing this, we take the statement of facts set out in the two replications charging fraud which, as before stated, are the same as those charging a failure of consideration. The only difference is, that it is charged that the defendant did not intend in good faith, to comply with its acceptance of plaintiff's offer of settlement, but accepted in order that plaintiff may be lulled into the execution of

a release. *Hobbs* ·v. *The Brush Electric Co.*, 75 Mich; 550; *Shaffer* v. *Cowden*, 88 Md. 394; *Spitz* v. *B. & O. R. R. Co.*, 32 Am. St. Rep. 378; 34 Cyc. 1056; *Welch* v. *R. R. Co.*, 70 Miss. 20; *Jones* v. *R. R. Co.*, 72 Miss. 22; *Howie* v. *Platt et al.*, 85 Miss. 15; *Sistrunk case*, 54 So. 89.

Counsel for appellant in the *Chiles Case*, 86 Miss. 361, do not state the full facts upon which the release was nullified. The full statement is as follows: "The same gross deception was used, intangible promises of permanent employment, imposition upon a suffering and ignorant claimant, insistence upon immediate settlement urged by his former employer; lack of opportunity granted with friends or counsel; grossly inadequate payment for the injury inflicted, in this case being only the paltry sum of ten dollars; and specious and nonenforceable contract of re-employment, which expressly recited that such service should be "for such time only as may be satisfactory to said company." All these circumstances of fraud and oppression exist, coupled in the instant case with a transparent attempt to take advantage of and ignore the attorney who had been employed, and to clandestinely effect a settlement without his knowledge or consent, after first advising with him and promising to investigate and take up the claim for adjustment. The appellant company was fully advised that a contract of employment existed between appellee and his counsel, by notice both to its legal and claim departments, and cannot evade the legal effect of such notice by claiming that some subordinate official in the claims department settled the same and procured the release admittedly for the sole benefit, but without the knowledge or procurement of the corporation, especially in view of the fact that the record discloses that the claim was referred to such subordinate, and that the voucher for the money paid the appellee, containing a full and definite statement of the claim in settlement of which it was issued, was submitted to and received the written approval

of the very official (the chief claim agent) who had written to the attorney for "full particulars" in order that he might make "proper investigation of the case" and "advise disposition of the claim at an early date."

How do the facts stated compare with the facts alleged in the instant case? "Intangible promises of permanent employment." Appellant had a definite promise and accepted the employment for three years. "Imposition upon a suffering and ignorant claimant." Appellant was not ignorant, does not pretend to have been and does not pretend that he was suffering when he made the settlement. He voluntarily made a trip of a hundred miles to settle. "Insistence upon immediate settlement urged by his former employer." Appellant does not state that any representative of defendant ever asked him to make a settlement. The initiative in the whole transaction was upon his part. "Lack of opportunity granted to confer with friends or counsel." Appellant had from August 17th until November 21st for this purpose if he desired it. He does not pretend that he had no such opportunity. "Grossly inadequate payment for the injury inflicted." Plaintiff has not fully advised the court as to the extent of his injury, only saying that a part of his foot was amputated.

However, we submit that even if the court should construe the facts alleged as a fraud upon appellant, he is now estopped from attacking the release on that ground, for the reason that he retained the money and accepted the employment tendered for three years before the institution of suit. He does not state the exact time when he became aware of the fraud. Neither does he charge that he did not become aware of it until at the time of or near the time of the institution of his suit. Obviously he could not so state. It is the duty of the court, therefore, to construe most strongly against him the failure to be specific as to this fact.

In conclusion it may be stated that under the settlement effected there have been three years operation.

Suppose plaintiff was discharged, or suppose appellee would contend that he was discharged for gross neglect of duty. This would be, undoubtedly a perfect defense to a suit, based on the breach of contract. But suppose plaintiff after three years of work, and after having terminated it by neglect of duty, should be enabled to say that inasmuch as fraud was practiced in procuring the release, the contract is void. When could appellee litigate with appellant the question of his breach of the contract? The intervening rights growing out of three years of employment, may be and could be vitally affected, even though there had been a gross fraud originally, by the acts and conduct of plaintiff done since the discovery of the fraud and notwithstanding it.

In other words if now appellant can be heard to say that a fraud in the procurement of the release vitiates it, and permits him to sue for the injuries, it matters not what his conduct was during the three years of employment, nor how justifiable appellee might have been in discharging him, the appellee would not be permitted to try the issue of justifiable or unjustifiable discharge in any court, for the reason that the contract would be nullified by preceding conditions, and could not, thus be given a legal standing for the trial of the acts of parties done after the execution of the release, while the relations of employer and employee existed, could not be reviewed.

We respectfully submit, therefore, that for each of the reasons stated in defendant's demurrer, the lower court ruled correctly and its judgment should be affirmed.

COOK, J., delivered the opinion of the court.

This is an action of tort, begun in the circuit court of Harrison county by appellant against appellee. The declaration alleges that appellant, an employee of appellee, was injured by the negligence of his employer. To this declaration appellee filed a plea of accord and satisfaction.

Two replications were filed to this plea—one setting up a contract of settlement and averring a breach thereof; the other setting up the terms of settlement agreed on by the parties thereto, a partial performance of same, the breach thereof, and further, that appellee entrapped him into making a settlement, intending at the time not to carry out its part of the contract, and that this was fraudulently done to avoid paying him for the injuries inflicted upon him. This, in brief, is the substantial effect of the replication.

Demurrers were filed to both pleas and sustained. We approve the action of the trial court in sustaining the demurrer to the first replication, but we think it was error to sustain the demurrer to the second replication.

"Fraud vitiates all things, and may be predicated of promises designed to entrap the unwary, and never intended to be kept, as well as misstatements of existing facts." *Patton-Worsham Drug Co.* v. *Planters' Co.,* 86 *Miss.* 423, 38 So. 209. "It is one thing to attempt to vary, alter, or contradict the terms of a written contract once validly executed, and quite a different thing to show that the contract offered never had any legal existence, because its execution was procured by fraud." *Howie* v. *Platt,* 83 Miss. 15, 35 So. 216.

*Reversed and remanded.*