BANK OF LENA v. SLAY.

(Division B. Nov. 9, 1936.)

[170 So. 635. No. 32344.]

W. T. Weir, of Philadelphia, for appellant.

**Ethridge, P. J.,** delivered the opinion of the court.

Appellant, Bank of Lena, sued appellee, J. T. Slay, in a justice of the peace court for the balance due on a note for four hundred dollars, dated March 3, 1931, due December 1, 1931, payable to the appellant with interest thereon at the rate of eight per cent. per annum after date until paid, and containing the provision that the securities mentioned on its reverse side were pledged to secure its payment, and also the payment of any other indebtedness owing to said bank during the existence of the contract. On the reverse side of the note appears the following:

| "Payments on Principal. | | Balance due. |
|---|---|---|
| 12– 2–31 | $ 8.80 | $391.20 |
| 12–31–31 | 58.80 | 332.40 |
| 3–26–34 | 251.66 | 80.74 balance principal. |

"This note is secured by the pledge of certificates of deposit Nos. 967, 968 and 969, and a frozen checking account of $39.66."

The following was also on the back of the note:

"Int. Cr.    12–31–31    $24.44
Int. Cr.    11–18–33    31.32
Int. Cr.     3–26–34    30.33
Int. pd. to  3–26–34    86.09
$80.74  Bal. Principal due,
  9.89  Int. at 8 per cent due to 10–8–35
$90.36
  9.06  10 per cent Atty's fees
$99.69  Total due."

The plaintiff was denied recovery in the justice of the peace court and an appeal was prosecuted to the circuit court, where the note was introduced in evidence with the notations above indicated, and the plaintiff rested.

Thereupon the defendant took the stand and undertook to testify that he gave the note under an agreement with certain directors of the Bank of Lena (which had been placed in the hands of the State Banking Department as insolvent), that the consideration therefor was his agreement to have his deposit frozen so that the bank might be able to reopen, and that, after its reopening, the bank would lend the money evidenced by the note without interest. There was objection to this testimony on the ground, among other things, that it contradicted the written stipulations of the note. The agreement to freeze the account of J. T. Slay was introduced and reads as follows: "I, the undersigned, being a depositor of the Bank of Lena, of Lena, Mississippi, in the amount of $444.06 shown opposite my name below, do hereby agree, in order to enable the Bank of Lena to open its doors and to continue as a going banking concern, to accept payment of my deposit in the Bank of Lena as follows, Ten per cent of the amount of my deposit in cash when the Bank of Lena is opened and ready for business; Twenty per cent thereof on December 1st, 1931; Thirty per cent at the end of two years, and the balance of forty per cent at the end of three years. I make the foregoing concession in order to enable the Bank of Lena aforesaid to open its doors and handle its affairs in an orderly manner.

"Witness my signature this the 7th day of February, 1931

"J. T. Slay                    Checking Acct.   $  44.06
                               "Cert. of Deposit   400.00"

The court overruled the objections to the testimony of J. T. Slay as to the agreement with certain directors made prior to the execution of the note, and, on the hearing, submitted the cause to a jury which found for the defendant, J. T. Slay, from which this appeal is prosecuted.

From this statement of the case, it will be seen that

the Bank of Lena was closed and in the hands of the State Banking Department at the time of the alleged freezing of the deposits as testified to by Slay, and that the note was subsequently executed and did not embrace said agreement that the Bank would lend Slay four hundred dollars without interest.

It is well settled in this state that, when parties deliberately put their agreement in writing, it will be presumed that the whole contract was embodied in such writing, and that parol testimony to change the terms of such written instrument is inadmissible. Wren v. Hoffman, 41 Miss. 616, 618, and Herndon v. Henderson, 41 Miss. 584, where the court held that: "When a contract is reduced to writing all oral altercations, propositions, offers, and conversations between the parties prior to its execution are inadmissible as evidence, and are merged into the writing, and that becomes the only exponent of what the contract was." See, also, O'Neal v. McLeod (Miss.), 28 So. 23.

It follows from these and other cases that the court below was in error in permitting oral evidence to contradict the terms of a written instrument. It will be noted also that the alleged oral agreement was made with the directors of the Bank of Lena at a time when their control over the Bank had ceased, and when it was in the custody of the State Banking Department.

Therefore, the judgment of the court below must be reversed and judgment rendered here for appellant.

Reversed, and judgment here for the appellant.