MARSH & PENDLETON v. MAURICE LISLE.

1. CONTRACT: CONSIDERATION: NOVATION.—Lisle was indebted to Swann & Abbott, who were indebted to the plaintiff. By agreement of all the parties, Lisle executed his promissory note for the amount of his debt to Swann & Abbott, payable to the plaintiff, and in satisfaction of the plaintiff's debt against Swann & Abbott. *Held*, that the plaintiff's debt against Swann & Abbott being valid and unobjectionable, Lisle could not set up as a defence to the payment of his note any defence which he might have against his indebtedness to Swann & Abbott. See *Sadler* v. *Hoover*, 31 Miss. R. 260.

2. PAROL EVIDENCE.—Parol evidence is admissible to show that a note payable to the plaintiff, but reciting on its face that it was given " in payment of machinery bought of" a third person, was by agreement of all the parties so made in satisfaction of a debt due to the plaintiff by such third person.

IN error from the Circuit Court of Adams county. Hon. Stanhope Posey, judge.

Marsh & Pendleton sued Maurice Lisle, in *assumpsit*, upon a promissory note executed by the defendant, in the following words :

"NATCHEZ, 20th February, 1852.

" Twelve months after date of this, I promise to pay Marsh & Pendleton, or order, the sum of four hundred dollars, being in payment for all machinery bought of Swann & Abbott.

$400. (Signed) " MAURICE LISLE."

To this action the defendant set up a failure of consideration, and in support of this defence, proved that the old machinery bought of Swann & Abbott, was afterwards levied on under an execution against Swann & Abbott, and sold to satisfy a judgment, having a lien on the machinery older than the sale to defendant, whereby he lost the machinery.

The plaintiff then introduced a witness, and offered to prove by him, that at and before the sale of the machinery by Swann &

Abbott to defendant, that the said Swann & Abbott were indebted to him in a sum greater than $400; and that, in consideration thereof, it was agreed between the defendant and plaintiff and said Swann & Abbott, that $400, part of the price of the machinery, should be paid to the plaintiff, instead of Swann & Abbott; and that, accordingly, the defendant made the note sued on, payable to the plaintiffs, and it was taken by them in satisfaction of an equal amount of their debt against Swann & Abbott, who were thereby discharged by plaintiff to that extent. The defendant objected to the introduction of this evidence, and the court would not permit the same to go to the jury.

The court being of opinion that the facts proven by defendant constituted a good defence to the action, so instructed the jury, and they found a verdict accordingly.

The plaintiffs then moved for a new trial, which being refused, they took a bill of exceptions, and sued out this writ of error.

*J. Winchester*, for plaintiffs in error.

For the plaintiffs, we maintain that there was a *novation of contract.*

The term *novation* is borrowed from the civil law, and a clear statement of its principles can be found in Pothier on Contracts, Part 3, Ch. 2, Art. 1. It may be defined thus: A transaction, whereby a debtor is discharged from his liability to his original creditor, by contracting a new obligation in favor of a new creditor, by the order of his original creditor. Justice Buller thus puts the case, in *Tallock* v. *Harris*, 3 T. R. 174: "Suppose A. owes B. £100, and B. owes C. £100, and the three meet, and it is agreed between them that A. shall pay C. the £100. B.'s debt is extinguished, and C. may recover that sum of A." The case of *Heaton* v. *Angier*, 7 New Hamp. 397, furnishes another illustration of this principle. That was an action of *assumpsit*, for a wagon sold and delivered. The defendant, having bought the wagon of the plaintiff at auction, sold it immediately to John Chase. Chase and the defendant then went to the plaintiff, and agreed to pay the price of the wagon to the plaintiff for the defendant, and the plaintiff agreed to take Chase as paymaster, and the court say, "Heaton, Angier, and Chase being together, it was agreed between them that

Marsh & Pendleton *v.* Lisle.

the plaintiff should take Chase as his debtor, for the sum due from the defendant; the debt due to the plaintiff from the defandant was thus extinguished. It was an accord executed, and Chase, by assuming the debt due to the plaintiff, must be considered as having paid the amount to the defendant as part of the price he was to pay the defendant for the wagon."

In such case the defendant's undertaking, is not to pay the debt of a third person within the meaning of the Statute of Frauds. *Bird* v. *Gammon*, 3 Bing. N. C. 883; *Arnold* v. *Lyman*, 17 Mass. 400; *Meert* v. *Moessaid*, 1 Moore & Payne, 8. It is entirely a different thing from the mere *assignment* of a personal contract.

It is the case of a *new contract formed*, and a *former contract dissolved*. To give to the transaction its full legal efficacy, the ORIGINAL LIABILITIES MUST BE EXTINGUISHED. For if the debt from A. to B. be not discharged by his promise to pay it to C., then there is no consideration for this promise, and no action can be maintained on it; but, if this liability be discharged, then it is a sufficient consideration; and if C., at the same time, gives up his claim on B., then the consideration for which A. promises to pay C., may be considered as moving from C.

In the case of *Butterfield* v. *Hartshorn*, 7 New Hamp. 345, Upham, justice, says: "It seems, also, to be clear, that no contract of the kind here attempted to be entered into can be made, without an entire change of the original rights and liabilities of the parties to it. It is made, through the agency of three individuals, for the purpose of payment; and it can have no other effect than to extinguish the original debt, and create a new liability of debtor and creditor betwixt the person holding the money and the individual who is to receive it. On any other supposition there would be a duplicate liability for the same debt; and the deposit, instead of being a payment, would be a mere collateral security, which is totally different from the avowed object of the parties. To entitle the plaintiffs to recover, there must be an extinguishment of the original debt; and it is questionable whether, in cases of this kind, anything can operate as an extinguishment of the original debt but payment, or an express agreement of the creditor to take another person as his debtor in discharge of the original claim." *Wharton* v. *Walker*, 4 Barn. & Cress. 163; *Cuxon* v. *Chadley*, 3 Barn. & Cress. 591.

The contract of novation, although in writing, need not express the consideration. *Johnson* v. *Thayer,* 17 Maine, 401; *Legro* v. *Staples,* 16 Maine, 252; *Adams* v. *Robinson,* 1 Pick. R. 461. It is sufficient if it be, in point of fact, *bonâ fide,* and upon adequate consideration. *Langley* v. *Berry,* 14 New Hamp. 82; *Giddens* v. *Coleman,* 12 Ib. 153. The consideration must be proved *aliunde* than from the face of the paper. *Langley* v. *Berry,* 14 New Hamp. 82.

Apply these principles of *novation* of contract to the case made by the plaintiffs.

The defendant was indebted to Swann & Abbott. The language of his note admits that fact. He represents, in the note to plaintiffs, that he was so indebted. The plaintiffs offered to prove, by Meeks and Swann, "that, at and for some time before the sale of said machinery by Swann & Abbott to defendant, said Swann & Abbott were indebted to plaintiffs in a greater sum of money than the amount of said promissory note; and that, in consideration thereof, $400 of the price of said machinery was agreed by the parties to be paid to plaintiffs, instead of to Swann & Abbott; that, in pursuance of such agreement, the said promissory note was made by defendant to plaintiffs, and taken in satisfaction and payment of the amount of the said debt due by Swann & Abbott to plaintiffs; and the said Swann & Abbott discharged from that much of their said debt to plaintiffs." Page 16 of the record. It was competent evidence to prove the whole consideration of the contract and agreement between the parties. The consideration was not, according to the authorities, required to be stated in writing: 17 Maine, 401; 16 Ib. 252; 1 Pick. R. 461; and, even if stated in writing, the consideration must be proved *aliunde.* 14 New Hamp. 82. The court erred in ruling out this evidence. The plaintiffs are not, in any view of the case, the mere *equitable assignees* of a chose in action. They sue upon a promise made by the defendant directly to them, and not as the assignees of a promise made to Swann & Abbott. "Choses in action," says Lord Ellenborough, in *Surtees* v. *Hubbard,* 4 Esp. 203, " generally are not assignable. Where a party, entitled to money, assigns over his interest to another, the mere act of assignment does not entitle the assignee to maintain an action for it. The debtor may refuse his assent;

he may have an account against the assignor, and wish to have his set-off; but, if there is anything like an assent on the part of the holder of the money, in that case I think that this (assumpsit for money had and received) is maintainable."

After such assent or agreement is given, neither party can recede. *Ainslie* v. *Boynton*, 2 Barb. Sup. Ct. 258; *Hodges* v. *Eastman*, 12 Verm. 358. The old debt is entirely discharged. A new debt and a new promise of the defendant, Lisle, to the plaintiff was created; *the consideration of which was the absolute discharge of the old debt due to and from Swann & Abbott*. And being a new debt, and a new promise, made directly between the defendant and the plaintiffs upon a valid consideration, to wit, the release of the debt due to and from Swann & Abbott, it does not come within the Statute of Frauds, relating to a promise to pay the debt of another. *Bird* v. *Gammon*, 3 Bing. N. C. 883.

Again, in a suit between the maker and payee of a note, given by one man, at the request of another, to a third person, the payee, it is not essential to the validity of the note, to show a consideration, as between him at whose request it was made and the maker. 6 New Hamp. 511. Nor will the maker, in such a case, be permitted to show a failure or want of consideration as between him and the person at whose request it was made. An agreement by the debtor, before assignment, with the assignee to pay it, is a waiver of all defences, such as want or failure of consideration, fraud, &c., though unknown at the time to the debtor. 5 How. Miss. 478; Ib. 698; 3 S. & M. 650, 11 Ib. 132; 6 Barr, 327. There were several mistrials in the court below. The jury must have taken a different view of the law from what the judge did, and we think that the jury was right. The plaintiffs were not the mere equitable assignees of a debt due by the defendant to Swann & Abbott. On the contrary, the debt due to Swann & Abbott was paid and discharged. They were fully paid in the release and discharge of the like sum due by them to the plaintiff. The note of Lisle, upon its face, purports to be given "in payment" of the debt due to Swann & Abbott. The evidence offered by the plaintiffs would also corroborate this statement in the body of the note, viz., that the debt due to Swann & Abbott was paid and discharged by the promise to pay the plaintiffs; and yet, in the face of this statement made in the note, and

corroborating evidence offered, the defendant is permitted to give evidence that the note was only intended as a *security for the payment* of the debt due to Swann & Abbott; and that since the giving of the note, there has been a failure of consideration as between the defendant, and Swann & Abbott. If such was the intention and purpose of the parties to this transaction, why was the note made payable to Marsh & Pendleton? It is not pretended that Marsh & Pendleton were to indorse the note to Swann & Abbott, and thus become securities for the payment of the same to them. The debt for old machinery, bought of Swann & Abbott, was paid by the giving of this note, and there was no longer anything due to Swann & Abbott; or, as the note expresses it, "being in payment for old machinery bought of Swann & Abbott."

*Carson* and *Shields*, for defendant in error,

Insisted that the evidence proposed to be introduced was inadmissible,—it being incompetent to show by parol a different consideration than the one expressed in the note; and to sustain this view, they cited Chitty on Cont. p. 22; *Mosely* v. *Haverford*, 10 Barn. & Creswell, 729; 3 Phil. Ev. 1458, 1460; *Woodbridge* v. *Spooner*, 1 Chit. R. 661; *Gazeway* v. *Moore*, 1 Harper, 401; 7 S. & M. 244; 13 Ib. 11; 12 Ib. 568; 8 Ib. 473.

Fisher, J., delivered the opinion of the court.

The plaintiffs below brought this suit in the Circuit Court of Adams county, upon a promissory note in the following words: "Natchez, 2d February, 1852. Twelve months after date of this, I promise to pay to Marsh & Pendleton or order, the sum of four hundred dollars, being in payment for old machinery bought of Swann & Abbott. Maurice Lisle." The facts as attempted to be shown by the testimony which was ruled out by the court, are as follows: Swann & Abbott being indebted to Marsh & Pendleton in the sum of $400, and Lisle being indebted to Swann & Abbott in a like sum, it was agreed that he should execute the note above named to the plaintiffs, and be discharged from his indebtedness to Swann & Abbott, and that they should also be discharged from their debt to the plaintiffs. This was virtually a payment by the defendant of the debt which he owed Swann &

Abbott, as the arrangement was, as to them, equal to so much money actually received from the defendant.

But it is said that the effect of the evidence was, if admitted, to contradict or vary the terms of the written contract. We disagree with counsel on this point. The object was to show the true consideration of the contract, without contradicting anything expressed on the face of the note. The defendant admitted, at the time of the execution of the note, his liability to pay to Swann & Abbott, and being released from this liability, he undertook to pay (at their request) to the plaintiffs, who agreed to release their debt on Swann & Abbott in consideration of the defendant's undertaking. There is nothing in this statement either contradicting or adding to the terms of the note, but only showing what preceded or led to its execution.

It was, however, urged as a defence below, that the entire consideration of the note had failed, on the ground that the *old machinery* purchased of Swann & Abbott was, after the defendant's purchase, sold under a judgment, which was a lien upon the machinery at the date of the sale. This defence cannot avail the defendant. By executing the note he assumed the liability of Swann & Abbott to the plaintiffs, and he can consequently make no defence which they (Swann & Abbott) could not make, if they had continued the plaintiff's debtors. The question is not what was the nature of the consideration moving from Swann & Abbott to the defendant, but what the plaintiffs were induced to surrender in consequence of his undertaking.

Under this view of the case, we are of opinion that the court below erred in refusing the new trial.

Judgment reversed, and new trial granted.