J. L. JOHNSON *v.* F. E. JOHNSON.

1. EVIDENCE. *Admissions. Written contract.*

When a party, by admissions, has qualified his right, one who holds under him succeeds only to the right thus qualified, and the admissions are, ordinarily, competent evidence; but evidence of such admissions are incompetent where they contradict the terms of a written contract between the parties.

2. SAME. *Receipt.*

A receipt may embody the terms of a contract for the appropriation of the payment, as well as acknowledge the reception of the money; and the contract features of such an instrument cannot be varied by parol evidence.

FROM the circuit court of Pontotoc county.

HON. NEWNAN CAYCE, Judge.

This was an action of ejectment. One Sappington purchased the land upon a credit from J. L. Johnson, defendant, and the purchase money was secured by a deed of trust on the land, given by Sappington to his vendor. Sappington afterwards sold the land to F. E. Johnson, the plaintiff, and still later the land was sold under defendant's deed of trust; and the defend-

ant, having purchased at the trustee's sale, took possession. The question on the trial was, whether the purchase money for the lands, secured by the deed of trust, had been paid before the trustee's sale, at which defendant bought. Sappington was dead before the trial.

The plaintiff offered in evidence two receipts, shown to be genuine, and which are as follows:

"Received of R. D. Sappington one hundred and seventy and $\frac{55}{100}$ dollars, to be placed to his land credit. Jan. 19, 1887.

J. L. Johnson."

"Received of R. D. Sappington four hundred and seventeen and $\frac{75}{100}$ dollars, to be applied to his land credit and balance to account. Feb. 16, 1888. J. L. Johnson."

The aggregate of the two receipts was more than a sufficient sum to extinguish the purchase money deed of trust.

The defendant offered to prove, by witness Jones, that after the date of the last receipt, and while Sappington occupied the land, and before he sold to plaintiff, that he (Sappington) admitted and said to witness that he yet owed defendant for the land, and was unable to pay the purchase money, and that the debt therefor was secured by the deed of trust. To this plaintiff objected, and the objection was sustained, and defendant duly excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

*Blair & Anderson*, for the appellant.

The main contention of appellant is that the court erred in not allowing witness, Jones, to answer the questions propounded to him as to what Sappington told him while he, Sappington, was still in possession of the land and before he had contracted to sell it to appellee. The issue on which the case was fought out in the court below was whether or not Sappington had paid appellant for the land at the time appellee purchased it. The admission by Sappington that he had not done so, made to

Jones, was therefore material to the issue and of the highest importance. We contend that the testimony was competent as a part of the *res gestæ*, explaining and qualifying his position. The authorities on the subject are numerous. Greenl. on Ev., vol. 1, secs. 108, 109; 59 Am. Dec., 85; 61 Am. Dec., 305; 30 Am. Dec., 591; 27 Am. Rep., 321. Again, we contend it was competent on account of the relation existing between appellee and Sappington—grantor and grantee. The authorities seem to settle the question, and we deem it useless to argue it. See 71 Miss., 66; 30 Miss., 589; 68 Miss., 135; 55 Miss., 671; 70 Miss., 283; 12 Smed. & M., 267; 4 How. (Miss.), 506.

It is said in 4 How., *supra*, that the declaration of a grantor, made after the conveyance, is not competent against the grantee. But, in this case, they were made before the conveyance and while the grantor was on the lands. Rice on Ev., vol. 1, secs. 221–233. For the general rule in reference to the declarations of assignors and vendors, see Rapalje's Dig. Am. Dec. and Am. Reps., vol. 2, p. 1342, where numerous authorities in point are cited.

*J. D. Fountaine*, for appellee.

The testimony of Jones was properly excluded, because it was an effort to contradict by parol the written evidence of the payment of the purchase money for the land and contract between the parties. When the writing is both a contract and a receipt, the receipt is open to explanation, but the contract does not merge in the receipt, and cannot be contradicted or varied by parol evidence, except as other contracts may be. 19 Am. & Eng. Enc. L., 1123, sec. (*a*) and notes 5, 6 and 7. And a receipt given for a specific purpose cannot be used for a different purpose, in violation of the object for which it was given. A receipt containing in its terms an expression of the intention of the parties is, to such extent, a written contract, which cannot be varied by parol evidence. 19 Am. &

Eng. Enc. L., 1124. When a receipt expresses in terms the manner in which the money is to be appropriated, it cannot, on principle and authority, be contradicted in that respect. *Eagleston* v. *Knickerbacker*, 6 Barb. (N. Y.), 458; *Henderson* v. *Henderson*, 41 Miss., 584; *Wren* v. *Hoffmann*, 41 Miss., 616.

. WHITFIELD, J., delivered the opinion of the court.

The testimony of R. R. Jones would undoubtedly be competent ordinarily, as the authorities cited in the brief of learned counsel for appellant abundantly demonstrate. See, also, *Graham* v. *Busby*, 34 Miss., 272. But we do not think it competent in this case, because its effect would have been to contradict the clear terms of the express written contract, for what is called the receipt in this case is more than a receipt. It is a receipt and a contract, and the clause as to the appropriations of the money ($417.75), "to be placed to his land credit and balance to account," contains a clear, express stipulation as to how the money is to be applied, and an acknowledgment that it will more than discharge the land debt. It was not competent to vary this contract feature by parol. *Swann* v. *Southern Express Company*, 53 Miss., 286; *Eagleston* v. *Knickerbacker*, 6 Bar., Sup. Ct. Rep., 466, where it is said: "In the present case the receipts, in terms, express the manner in which the money was to be appropriated. On principle and authority they cannot, in that respect, be contradicted." 19 Am. & Eng. Enc. L., p. 1123, par. 4 (*a*), and the authorities cited in note 7 especially; *Henry* v. *Henry*, 11 Ind., 236; *Dale* v. *Evans*, 14 Ind., 288; *Stapleton* v. *King*, 11 Am. Rep., 109, and see, also, *Ashler* v. *Vischer*, 85 Am. Dec., 65, to which we make special reference as directly in point—a case of two receipts, as here (one a mere receipt, and the other a receipt with the same contract feature as the second receipt in this case has) uncontradictable by parol. It not only acknowledges the receipt of the money, as to which it might have been contradicted, but it binds the receiptor to the

affirmative contract obligation of applying it in the mode pointed out, and admits that, so applied, it would more than discharge the land debt.

*Affirmed.*