ORGILL BROS. & Co. *v.* POLK.

(Division B. Nov. 25, 1929.)

[124 So. 649. No. 28203.]

Chambers & Trenholm, of Jackson, for appellant.

W. E. McIntyre, of Brandon, and Enochs & Enochs, of Jackson, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

Orgill Bros. sued the appellee, Polk, in circuit court upon three promissory notes, two for four hundred fifty dollars each, and one for three hundred fifty-two dollars and forty-four cents, together with attorney's fees. To his declaration the defendant pleaded payment and satisfaction of the notes by the sale of certain machinery, making a receipt in the following language a part of the said plea:

"Memphis, Tenn., 10/20/1925.

"Received of E. H. Polk, one ten-ton Holt Tractor in settlement of three notes held by us that are to be turned over to Mr. Polk at a later date.

"ORGILL BROS. & Co.
"J. M. WILLIAMS, Co. MGR."

There was no counter-notice under the general issue, nor any plea in reply to this notice attacking the validity of the receipt by the plaintiff; but the plaintiff attempted to prove in court, without replying to the notice or without pleading thereto, that the real agreement was not expressed in the receipt; and that the receipt was given upon a representation that the tractor was in good operating condition; and that in fact it was not in such condition, but worn out and practically worthless.

The court refused to receive such evidence tending to contradict or enlarge the terms of the receipt, and refused the evidence tendered by the plaintiff to show misrepresentation. A peremptory instruction was granted for the defendant. The appellant relies upon that line of cases that held that fraud may be shown to avoid an instrument upon the principle that the instrument was procured by fraud and never in reality had an existence.

The principle contended for is illustrated in Marsh v. Lisle, 34 Miss. 173; Wren v. Hoffman, 41 Miss. 616; Patton-Worsham Drug Co. v. Planters' Mercantile Co., 86 Miss. 423, 38 So. 209; Howie Bros. v. Walter Platt & Co., 83 Miss. 15, 35 So. 216; Henry v. W. T. Rawleigh Co., 152 Miss. 320, 120 So. 188. The principles contended for are recognized as being sound, but before they can be applied to a case there must be an issue made in the pleading, or notice under the general issue, by which the fraud is charged in the pleading and opportunity to know what it is and to meet it by proof given by the defendant or other party to the suit. In other words, the proof is not received, unless and until an issue is made by the pleadings, and the evidence should be confined to the pleadings made. The pleadings are for the purpose of giving the parties information prior to the beginning of the trial of what issues are to be contested, and opportunity to produce their proof to meet that issue. After the rejection of the evidence, there was no offer to amend the pleadings or to file a notice under the general issue setting up that the receipt was procured by fraud.

Hemingway's Code 1927, section 541 (Code 1906, section 744), provides that:

"If the defendant desire to prove under the general issue in an action any affirmative matter in avoidance, which by law may be proved under such plea, he shall give notice thereof in writing, annexed to or filed with the plea, otherwise such matter shall not be allowed to be proved at the trial; and the defendant may, in all cases, plead the general issue and give written notice therewith of any special matter which he intends to give in evidence in bar of the action, and which he would be otherwise obliged to plead specially; and, when such notice shall be given by the defendant, the plaintiff shall, before the trial of the cause, file a written notice to the

defendant of any special matter which he intends to give in evidence in denial or avoidance of such special matter so given notice of by the defendant, and which it would have been necessary to reply specially had the defendant's defense been specially pleaded; and if notice be not given as required, evidence of such matters shall not be admissible on the trial.''

The notice under the general issue is in lieu of pleading, and is more informal than a pleading, but, when notice is given under the general issue, and the opposing party desires to avoid the matter set up, he should give in his notice or plea in reply to the notice under the general issue the facts he expects to prove to sustain his contention. This was not done in the present case, and the statute expressly provides that it shall not be given in evidence, unless such notice was given.

It is, of course, familiar law that a contract cannot be changed by parol evidence of facts or discussions prior to the signing of the contract. The instrument above set out is a contractual receipt, and is not an ordinary receipt in the sense that the recitals of consideration can be contradicted or the true consideration shown. A contractual receipt is not subject to be explained or contradicted by parol evidence. A contract must either be a parol contract or one in writing. See Johnson v. Johnson, 74 Miss. 549, 21 So. 147; A. & V. R. Co. v. Kropp, 129 Miss. 616, 92 So. 691; English v. N. O. & N. E. R. Co., 100 Miss. 575, 56 So. 665.

It follows from what we have said that the judgment of the court below must be affirmed.

Affirmed.