McDONNELL CONST. CO. *v.* DELTA & PINE LAND CO. *et al.*

(Division A. May 16, 1932. Suggestion of Error Overruled, October 3, 1932.)

[141 So. 757. No. 29999.]

Somerville & Somerville, of Cleveland, for appellant.

Sillers & Roberts, of Rosedale, for appellees.

McGowen, J., delivered the opinion of the court.

The McDonnell Construction Company filed its petition to enforce a materialman's lien, for a balance due it as contractor in the construction of two dwelling houses, against the Delta & Pine Land Company, as owner, and in said petition set out that certain other parties had served notice, claimed liens, and were interested parties in the subject-matter of the suit. Attached to the petition was an exhibit, being a written bid by the McDonnell Construction Company, and also an unsigned specification for the construction of the buildings. The petition alleged that under this bid and these specifications the buildings were constructed. In effect, the plaintiff al-

leged that certain extras in said construction were orally contracted for by the parties subsequent to the original contract, and were due to it and unpaid, and sought judgment for these extras as well as other items, and sought to have a lien therefor enforced.

The Delta & Pine Land Company's answer set up a written contract for the construction of the buildings involved, signed by the parties, in which contract reference was made to the plans and specifications as part of the contract. The specifications and contract were attached as exhibits. Attention was called to the fact that the blueprints or plans were not attached, but were in the possession of the McDonnell Construction Company and should be produced as a necessary part of the contract. In its original answer the defendant agreed that six items sued for in exhibit "F," attached to plaintiff's petition, were correct and were extras aggregating eight hundred twenty-eight dollars, for which the owner was properly chargeable for extra work done and material furnished by the contractor in addition to that called for under the plans and specifications, and then set up by way of set-off, or recoupment to, or extinguishment of, certain items, and certain alleged defects in the performance of the original contract. Deducting these claimed credits, the Delta & Pine Land Company admit an indebtedness of one hundred forty-one dollars and eighty-eight cents. Among other things set up in the answer was a plea of the statute of limitations of one year as against the enforcement of the lien. The answer denied that the original contract had been performed in accordance with its terms, as had been alleged in the original petition.

McDonnell Construction Company replied to the plea of the statute of limitations by setting up that the suit had been brought within twelve months from the date when the last payment was due under the contract, and again set up that it was entitled to a judgment at law

for the amount due it, if the court should determine that the suit to enforce the materialman's lien was barred.

Before the hearing the court ordered a separate trial of the issue as between McDonnell Construction Company and Delta & Pine Land Company to determine the amount, if anything, due the McDonnell Construction Company. On the hearing McDonnell was offered as a witness, and testified that the contract for the extras was oral and not in writing, but he was forced to admit that the original contract filed as an exhibit to the Delta & Pine Land Company's answer was signed by him. Thereupon the court held, after listening to the speeches set forth in the record, that appellant, the plaintiff in the court below, would not be permitted to offer any evidence in the case because the written contract was not attached to and made a part of his original petition, and therefore, in virtue of section 526 of the Code of 1930, no evidence could be heard relative thereto. Upon the suggestion of the court, counsel for the appellant had the contract and specifications marked "filed," but did not have entered an order of the court allowing this amendment, nor did he in terms state that he was amending his petition. The blue prints were not attached, and thereupon the appellee objected to any evidence because of the absence of the blueprints. It was then elicited from the witness McDonnell that he had the blueprints in Memphis, and he asked for time to have them brought into court, which was refused. The court thereupon granted a peremptory instruction for the defendant, and from the judgment entered thereon, McDonnell Construction Company prosecutes an appeal to this court.

We have concluded that it is our duty to reverse and remand this case for the reason that the Delta & Pine Land Company had admitted by its answer that it was due at least one hundred forty-one dollars and eighty-eight cents to the McDonnell Construction Company, and further admitted that it was due the construction com-

pany for extras, that is, items of construction that were not embraced in the original contract, the sum of eight hundred.twenty-eight dollars. To the excess of one hundred forty-one dollars and eighty-eight cents it offered a defense which in part set up the written contract. If it were true that the liability for extras accrued by virtue of an oral contract, certainly upon these items the case was at issue, even though the appellant had not made the written contract an exhibit to his petition. In so far as these items are concerned, it is clear that the written contract was involved only, according to the appellant's theory of the case, as a matter of defense to the appellee. It is not controverted that, even though parties have made a written contract, they may thereafter enter into a parol contract in addition to or in waiver of the original contract, and such an oral contract not in violation of law may be enforced by the parties.

In the case of M. B. Lee v. A. E. Hawks, 68 Miss. 669, 9 So. 828, 13 L. R. A. 633, this court held that, in cases within the statute of frauds, an action cannot be maintained upon a contract not in writing; but, in a controversy between parties to a written contract, an executed parol agreement to waive a particular provision in the contract may be shown. In the same case this court further held that one in possession of land under a written lease for a term of years, who has the right by the contract to cut timber, but who, for a valuable consideration, waives this right, is liable in damages for timber afterwards cut on the land, though the waiver is by parol. Judge Woods quoted with approval the following from Benjamin on Sales, p. 229: "Parol evidence to prove, not a substituted contract, but the assent of the defendant to a substituted mode of performance of the original contract, when that performance is completed, is admissible."

To state the case presented to us simply, it is this, plaintiff sued the defendant for certain extra work and

extra material furnished in a building contact, which he says was contracted for orally. Defendant answers, yes, we were liable for a certain part of the amount claimed, specifying the items, but we do not now owe it because we incurred certain damage which is an off-set or recoupment, or extinguishment of a part thereof, as shown by a certain written contract. The court declined on this state of facts to permit evidence as to the extras, and awarded the defendant a judgment. This was reversible error.

There are many other matters adverted to in the argument before us, but we are of opinion that it is now unnecessary for us to consider same because we are of opinion that, when the case goes back for trial, these matters will most likely be eliminated.

Reversed and remanded.