CHARLES WEAVER & CO., INC., *v.* PHARES.

(Division B.   Dec. 5, 1938.   Suggestion of Error Overruled Jan. 2, 1939.)

[184 So. 833.   No. 33440.]

736

Bramlette & Bramlette, of Woodville, and **Lotterhos & Travis** and **Vardaman S. Dunn,** all of Jackson, for appellant.

Clay B. Tucker and Jones & Stockett, all of Woodville, for appellee.

Argued orally by **Vardaman S. Dunn**, for appellant, and by **Clay B. Tucker** and **W. Roger Jones**, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

In this case the appellee, H. L. Phares, sued the appellant, Charles Weaver & Company, Inc., a corporation, for the sum of $783.04, alleged to be due him for work upon a PWS Project, 41. B, in Wilkinson county, under a contract arrangement between Phares and the appellant, who was engaged in the road contracting business. The defendant first sought to secure a continuance of the case, because of the absence of Charles Weaver, principal stockholder and manager of Charles Weaver & Company, Inc., setting forth in an affidavit by one of its attorneys that the affiant expected to prove by Charles Weaver that check No. 1489, in the amount of $371.37, dated November 12, 1936, was not made on account of PWS 41 pay rolls, as set out in the reply in the notice of plaintiff to denial of defendant under the general issue; and that "nothing transpired subsequent to the execution and delivery of said check to vary the written terms and defendant cannot prove this by any other witness," etc.

The defendant, appellant here, contends that the check in question had marked on its face that it was in payment for certain work, and that the appellee, plaintiff in the court below, cashed the check with such notation on it, and consequently that it must be treated as a conclusive receipt for that amount on the debt sued for, and that it was not subject to variation by parol evidence. The check here involved reads as follows:

"Charles Weaver & Co., Inc.
      Contractors,                          No. 1489.
"Jackson, Mississippi.          November 12, 1936.

"Pay to the order of H. L. Phares $371.37 Three Hundred Seventy-one and 37/100 Dollars.

"This check is in payment of items as per statement following. Endorsement of payee will constitute a receipt in full when check is paid.

"Payment on account,

| 41-B | Payrolls | $371.37 |

Charles Weaver & Co., Inc.,

"By J. S. Donovan, Sr."

"Deposit Guaranty Bank & Trust Co. Jackson, Mississippi."

The plaintiff testified, and so did his bookkeeper, that after the check was received, and before it was cashed by the plaintiff, that Charles Weaver came into the plaintiff's office in Woodville, Mississippi, and that plaintiff called his attention to the notation on the check, and to the fact that it was improper, as the payment should be applied on Project 41, and not on Project 41 B. Charles Weaver, manager of the appellant Company, stated that it was an error, which he would have corrected; and told the plaintiff to go ahead and cash the check, which fact was also testified to by plaintiff's bookkeeper, and was not denied by any witness.

The plaintiff, Phares, also testified that subsequently, when he was in the office of Charles Weaver & Co., Inc., in Jackson, Mississippi, and again called attention to the matter after the check was cashed, Charles Weaver called to the bookkeeper of the appellant company, gave the number and date of the check, and directed that it be charged on the books of the company to Project 41, not to Project 41 B.

The court was requested to instruct the jury to apply the check in reduction of the sum sued for, which the court refused to do; and also the appellant proved that it tendered another check for the difference between the $371.37 involved in this case, and the amount sued for, and that he should not have charged this interest after such tender was made and refused; and this also the court refused to do.

The court charged the jury for the plaintiff that "If the jury believe from the preponderance of the evidence in this case, that plaintiff accepted and cashed the check for $371.37, dated November 12, 1936, only after the de-

fendant through Charles Weaver, its president, had admitted that it was not properly written and was not chargeable to the work known as 41-B, and that plaintiff could cash the said check as written, and that defendant would make the proper correction on its books, then their verdict should be for the plaintiff, if they believe from a preponderance of the evidence that it did not make the correction on its books as promised.''

The jury returned a verdict for the plaintiff in the amount sued for, and judgment was entered accordingly, from which judgment this appeal was prosecuted.

The appellant relies upon the case of Orgill Bros. & Co. v. Polk, 155 Miss. 492, 494, 124 So. 649, and Aaronson v. McGowan, Miss., 180 So. 738, and other cases of like import, holding that accepting a check with the notation that it was in full of certain demands, or that it constituted a contractual receipt, cannot be violated by parol proof.

The appellee relies upon the case of McDonnell Const. Co. v. Delta & Pine Land Co., 163 Miss. 646, 141 So. 757, wherein the court held that where parties, after making an original contract, may enter into enforceable parol contract in addition to, or in waiver of, the original contract; and that such waiver or parol, subsequently made, may change the written contract; that in any controversy between parties to a written contract, an executed parol agreement to waive provision may be shown. That parol evidence to prove assent of a party to the substituted mode of performance of original contract, when such performance is completed, is admissible.

Here the testimony shows that the plaintiff was induced to cash the check by a representation that the mistake made in issuing it would be corrected, and that the check would be credited on the proper account, instead of on the one noted on the check itself; and that, subsequent to this date, the appellant, through its president, had directed its bookkeeper, in the presence of ap-

pellee, to make the correction, and to avoid the effect of the notation on the check as a contractual stipulation.

The matters set forth, in substance, as stated above, would constitute an estoppel; and while it was not in the form of a plea in estoppel, the substance of the pleading amounted to an estoppel; and as the jury found the facts warranted the estoppel, its verdict must stand.

In reference to the request for a continuance of the case on account of the absence of Charles Weaver, there was no proper showing in the application for a continuance that he had been summoned as a witness; but if he had, there was no showing on the motion for a new trial, by an affidavit from Charles Weaver, as to what his testimony actually would have been, nor was he introduced as a witness, to show such fact. We have held in a number of cases that where an application for a continuance is overruled, the party must continue his efforts to secure the witness, and if obtainable, introduce him on motion for a new trial; or if he cannot be procured for that purpose, his affidavit should be taken, setting forth his testimony, or showing some reason why that could not be done. See Lamar v. State, 63 Miss. 265.

The judgment is affirmed.

Affirmed.