KILGORE v. STATE.

(In Banc. Nov. 12, 1945. Suggestion of Error Overruled Dec. 10, 1945.)

[23 So. (2d) 690. No. 35932.]

D. A. McLeod, of Mount Olive, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Alexander, J.,** delivered the opinion of the Court.

Appellant was convicted of murder and appeals from a judgment imposing a life sentence.

The plea interposed was self-defense. Upon the facts it is enough to state that the testimony for the state showed a deliberate and unjustifiable homicide, and that for the defendant disclosed self-defense. We have no basis for disturbing the verdict on this issue.

The assignments of error are numerous. We shall discuss those only which we deem of sufficient import-ance. The first assignment attacks the refusal of the trial court to grant a continuance. It is asserted that the case had been once continued on the ground that the defendant's son was a material witness, but being in the armed forces abroad was not accessible. The record does not verify the allegation, but it does appear that the case was carried over from the term at which he·was indicted. The additional ground that defendant's wife, a material eyewitness, was not aavilable because of illness was pressed by motion at the succeeding term, together with the matter of the son's absence. The former ground passed out of the case when the wife later appeared in court and testified. We do not think the latter ground a sufficient basis for a contention that the trial judge abused his discretion in denying the motion for continu-

ance. The absent witness was outside the jurisdiction, and there is no showing that he would be available at the next term of the court. His proposed testimony concerned an alleged threat by the deceased against appellant. Such evidence would have been more useful to appellant if he had disclosed a mere overt gesture whose meaning and intent were to be interpreted in the light of such communicated threat. Here, however, appellant seeks to justify his act as being in defense against an actual battery during which he gave ground against an aggressive and continued assault by deceased with a hammer. These considerations make it appropriate to apply the rule as to continuance laid down in Lamar v. State, 63 Miss. 265; Weaver & Co. v. Phares, 183 Miss. 735, 184 So. 833, which show that the point was not properly reserved.

Certain errors assigned, which relate to the conduct of the trial, are not reviewed, since the record makes no disclosure of their factual basis. Assignments directed at the alleged error in admitting and excluding testimony have been carefully examined and we find no ground for reversal.

The following instruction was given for the state: ''The Court instructs the jury for the State; that if you believe from the evidence in this case beyond a reasonable doubt that the defendant shot and killed the deceased Alonzo Prince, as charged in the indictment, at a time when he the said defendant, was in no real or apparent danger of losing his own life or suffering great bodily injury at the hands of Alonzo Prince; then it is your sworn duty to find the defendant guilty as charged in the indictment; this is true regardless of every other fact or circumstance in the case.'' Abstractly viewed, the instruction would be bad. Yet, here, the defendant admits killing deceased with a shotgun and the issue is narrowed to his asserted justification of self-defense. The jury could not have been misled thereby. We have repeatedly condemned the concluding phrase ''this is true regardless

of every other fact or circumstance in the case'' and could well wish that trial judges would guarantee against its repetition. Here, however, the trial court admitted extended testimony injecting the so-called ''unwritten law,'' which was irrelevant and must have been prejudicial to the prosecution. The edge of our criticism of this phrase is therefore much dulled by the probable service thereby rendered in disabusing the minds of the jurors of its influence.

We find no reversible error and must affirm.

Affirmed.