QUESTION: May municipal corporations or the offices thereof be included in the State Centrex Telephone System under ss. 287.25 and 287.26, F.S.?
SUMMARY: A municipal corporation is not an agency or a political subdivision of state government within the purview of ss. 287.25 and 287.26, F.S., and thus may not be included in the State Centrex Telephone Communications System by the Division of Communications of the Department of General Services. Your question is answered in the negative. Pursuant to s. 287.25, F.S., the Division of Communications of the Department of General Services has established a Centrex telephone communications service for state agencies under an agreement with the telephone companies for the use of their facilities and equipment at rates and charges approved by the Florida Public Service Commission. Attorney General Opinion 072-405. And under s. 287.25(18), the Division of Communications is authorized (18) To provide a means whereby political subdivisions of the state may utilize the state communications system upon such terms and under such conditions as the division may establish . . . . (Emphasis supplied.) Section 287.26, id., provides that the state "communications system," as defined therein, "shall include all facilities and equipment owned, leased, or used by all agencies and political subdivisions of state government." (Emphasis supplied.) And s. 287.25(7) authorizes the Division of Communications to "provide for the rendering of aid between state government and its political subdivisions with respect to the organizing of communication systems . . . ." (Emphasis supplied.) In construing a statute, each and every part or section thereof must be examined and read together and effect given to all parts thereof. Tampa J. Ry. Co. v. Catts, 85 So. 364 (Fla. 1920); Amos v. Conkling, 126 So. 283
(Fla. 1930). George F. Craig Co. v. Pierson Lumber Co.,60 So. 839 (Fla. 1913). Reading s. 287.25(18) with s. 287.25(7) and s. 287.26, with particular reference to the use of the term "political subdivision," the legislative intent to regulate the state government and the political subdivisions of the state — i.e., state agencies and counties — is plain; and that intent, as gleaned from the language of the statute, is the law. State v. Knight, 124 So. 649 (Fla. 1934); Hillsborough County Aviation Authority v. Benitez, 200 So.2d 196 (Fla. 1967). Thus, in AGO 073-405 I expressed the view that the state's Centrex system may validly be "utilized" by a county for its county offices under ss. 287.25(18) and 287.26, supra, as a county is a "political subdivision" of the state. But in AGO 072-210, I concluded that the Central and Southern Florida Flood Control District, a statutorily created public corporation, was neither an agency nor a political subdivision of state government within the purview of ss. 287.25 and 287.26. A similar conclusion must be reached as to a municipal corporation. It is true that, where the context of a particular statute, or the legislative intent gleaned therefrom, permits or requires, the term "political subdivision" may include municipal corporations. See s. 1.01(9), F.S. Cf. City of St. Petersburg v. Carter, 39 So.2d 804 (Fla. 1949). But I find nothing in Part III of Ch. 287, F.S., which either permits or requires the application of the statutory definition of "political division" to ss. 287.25 and 287.26 so as to include within their purview the several municipalities of the state. While a county resembles a municipality in some respects — both being units of local government — they are not the same. Many differences exist between them, the most significant of which is that a county is a division of the state government while a municipal corporation is not. The county is a representative of the sovereignty of the state, an auxiliary to it, an agency through which the powers and functions of the state are exercised. Keggin v. Hillsborough County, 71 So. 372 (Fla. 1916); Kaulakis v. Boyd, 138 So.2d 505
(Fla. 1962); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); also see Amos v. Mathews, 126 So. 308 (Fla. 1930). Municipal corporations do not ordinarily serve as an agency or division of state government; and the purpose and intent of Part III of Ch. 287 (to acquire and/or control the operation of a state communications system) would not appear to be served by including municipal corporations or the offices thereof as a part of such a system. There must exist some basis in the statute for the exercise of the authority to include municipal corporations in the State Centrex Telephone Communications System; and if there is any reasonable doubt as to the statutory existence of such authority, the Division of Communications should not undertake to exercise it. State ex rel. Greenberg v. Florida State Bd. of Dent.,297 So.2d 628 (1 D.C.A. Fla., 1974) cert. dismissed, 300 So.2d 900
(Fla. 1974). As noted above, no legislative intent to authorize municipal corporations to participate in or to "utilize" the state communications system — the State Centrex Telephone Communications System — is apparent or deducible from the language of the statute; and the Division of Communications is, therefore, without statutory authority to include municipal corporations or the offices thereof in the State Centrex Telephone System.